J-S06035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VICKI LEE VOGT | : | |
| | : | |
| Appellant | : | No. 833 WDA 2024 |

Appeal from the Judgment of Sentence Entered April 12, 2024
In the Court of Common Pleas of Elk County Criminal Division at No(s):
CP-24-CR-0000397-2022

BEFORE:  PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: MARCH 11, 2025**

Appellant, Vicki Lee Vogt, appeals from the aggregate judgment of sentence of 63 to 216 months' incarceration, imposed after she entered a *nolo contendere* plea to three counts of endangering the welfare of a child (EWOC), 18 Pa.C.S. § 4304(a)(1), and three counts of indecent assault, 18 Pa.C.S. § 3126(a)(1).  On appeal, Appellant solely challenges the discretionary aspects of her sentence.  We affirm.

We glean the following facts from the briefs of the parties and the record.  "In 2022, Appellant was charged with three felonies and eight misdemeanors relating to allegations that she physically and sexually abused three of her grandchildren sometime in 2013."  Appellant's Brief at 5 (spacing altered).  More specifically, the Commonwealth alleged that Appellant sexually abused her three minor granddaughters by "essentially touching [their] private areas or genitals."  N.T. Plea, 6/30/23, at 8.  Additionally, the victims

alleged that Appellant hit them with a paddle, made "them sleep in a broken-down vehicle in a yard[,]" refused to feed them, and locked them in a room. ***Id.***

Appellant pled *nolo contendere* to the above-stated offenses on June 30, 2023.  On April 12, 2024, the court conducted her sentencing hearing.  At the start thereof, the court determined that Appellant is not a sexually violent predator.  ***See*** N.T. Sentencing, 4/12/24, at 56.  The court then heard testimony from the three victims in this case, who each detailed the significant impact that Appellant's crimes had on them.  ***See id.*** at 60-65.  The court also considered a presentence investigation report, a "forensic mental health evaluation" of Appellant, the applicable guideline ranges, and the arguments of the parties.  ***See id.*** at 65-69, 70.

Ultimately, the court sentenced Appellant to three, consecutive terms of 12 to 48 months' incarceration for her EWOC offenses, and to three, consecutive terms of 9 to 24 months' incarceration for her indecent assault crimes.  ***Id.*** at 89-90.  The court provided a lengthy statement of its reasons for fashioning Appellant's sentence.  ***Id.*** at 82-88.  Notably, the court explained that it considered Appellant's age of 66 years old, her minimal prior criminal history, that she had been diagnosed with "a major depressive disorder as well as a generalized anxiety disorder[,]" and that she "does present with some health issues…." ***Id.*** at 82, 84.  The court also stated that it took into account the fact that the victims were "seven and six and three years of age" at the time of Appellant's offenses, and that Appellant "served

in the capacity as a grandmother to the victims[,]" meaning "[s]he was in a position of trust to care for her grandchildren." *Id.* at 83. The court also "found each of the three victims to be sincere[,]" *id.*, and noted the seriousness of their allegations against Appellant and the effect her crimes had on them. *Id.* at 86. In sum, the court stated that

> it ha[d] taken into consideration all factors relative to the sentence being imposed but again, with respect to the [c]ourt, the [c]ourt has taken into consideration the statements from victims and the impacts that the behavior [of Appellant] has had on them. The [c]ourt found it necessary to impose a period of total incarceration to make certain that [Appellant] has understood the consequences of her behavior and the significant impact it has had on the victims. Likewise, the [c]ourt is mindful of the relationship between the victims and [Appellant] being a grandmother, grandparent relationship.
>
> With respect to the [c]ourt, the [c]ourt likewise finds that with respect to [Appellant] in terms of the behavior that she's engaged in, again, the [c]ourt takes concern with that in terms of the consequences [Appellant] imposed upon the grandchildren if they were noncompliant with her directives relative to the behavior that she herself … was requiring her three grandchildren to engage in.[1] The [c]ourt finds the imposition of sentence to be necessary and appropriate to hold [Appellant] accountable and to impress upon [Appellant].
>
> In addition, the [c]ourt finds the need for total incarceration to be necessary for the safety of the community[,] given the nature of the offenses to which [Appellant] has entered *nolo contendere* pleas and the [c]ourt has imposed orders of sentence for.
>
> Finally, with respect to the [c]ourt's consideration of any sentence less than total incarceration, the [c]ourt finds that a sentence of probation would be inappropriate as it would diminish the

---

[1] The record indicates that Appellant would get naked with the victims and direct them to touch their own private parts, as well as her private parts. **See** N.T. Sentencing at 86.

- 3 -

significance of the behavior [Appellant] has engaged in and the impact that her behavior has had on the victims.

*Id.* at 92-93.

After Appellant's sentence was imposed, she filed a timely motion for reconsideration, which the court denied. Appellant then filed a timely notice of appeal, and she and the court complied with Pa.R.A.P. 1925. Herein, Appellant states one issue for our review: "Whether the [trial] court abused its discretion in sentencing Appellant to an aggregate term of incarceration of 63 to 216 months?" Appellant's Brief at 4 (unnecessary capitalization omitted).

Appellant's issues implicate the discretionary aspects of her sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006).... Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003)....

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question

- 4 -

exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra***, ***supra*** at 912-13.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant has met the first three requirements for obtaining review of her sentence. Thus, we assess whether she has raised a substantial question for our review. In her Rule 2119(f) statement, Appellant contends that "her sentence is not appropriate under the Sentencing Guidelines because the [trial] court, while sentencing within the standard guidelines, imposed a clearly unreasonable sentence when taking into consideration Appellant's very poor health, the large timespan between the commission of the crimes and sentencing, and Appellant's lack of contact with the victims of the case." Appellant's Brief at 10. Appellant also avers that although "the [trial] court stated it had taken into consideration Appellant's age and health conditions and relative lack of [a] criminal record, punishment was the [trial] court's only concern." ***Id.*** at 11. Thus, she claims that the "court's sentencing structure and aggregate length of sentence were contrary to the fundamental norms which underlie the sentencing process." ***Id.***

Essentially, Appellant argues that the court imposed an excessive sentence by failing to consider mitigating factors and focusing solely on punishing Appellant. This constitutes a substantial question for our review. ***See Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014)

("[A]n excessive sentence claim — in conjunction with an assertion that the court failed to consider mitigating factors — raises a substantial question.").

Nevertheless, no relief is due. Initially, in reviewing the merits of Appellant's sentencing challenge, we are mindful that,

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Instantly, Appellant acknowledges that "the [trial] court indicated it took into account everything to be considered at the time of sentencing." Appellant's Brief at 14. She insists, however, that "[t]he remainder of the [trial] court's description makes clear … that all that mattered to the … court was the nature of the offenses to which Appellant entered pleas." *Id.* Appellant argues that the court failed to adequately weigh her older age at the time of the sentencing hearing, and her poor health, which included "significant medical issues, including ministrokes." *Id.*

The record belies Appellant's argument. As set forth *supra*, the court had and reviewed a presentence report and, thus, we "presume[] that the court [was] aware of all appropriate sentencing factors and considerations…." *Commonwealth v. Bullock*, 170 A.3d 1109, 1126 (Pa. Super. 2017) (citation omitted). Moreover, Appellant concedes that the presentence report

referenced her health issues. *See* Appellant's Brief at 14. The court also acknowledged Appellant's age and minimal criminal record in setting forth its reasons for her sentence.

However, the court additionally stressed the young age of Appellant's victims at the time of her crimes, the fact that Appellant was in a position of trust as the victims' grandmother, and that her actions had significant detrimental effects on them. The court also concluded that the gravity of her conduct indicates that Appellant poses a threat to the community.

Ultimately, the record demonstrates that the court balanced all the factors before it in imposing standard-range sentences. To the extent Appellant challenges the court's decision to run her sentences consecutively, "[i]t is well-established that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court." *Commonwealth v. Pisarchuk*, 306 A.3d 872, 881 (Pa. Super. 2023) (citation omitted). Moreover, Appellant committed separate offenses against three victims in this case. "Defendants convicted of multiple offenses are not entitled to a 'volume discount' on their aggregate sentence." *Id.* (citation omitted). Instead, "we will not disturb consecutive sentences unless the aggregate sentence is grossly disparate to the defendant's conduct, or viscerally appears as patently unreasonable." *Id.* (citing *Commonwealth v. Bankes*, 286 A.3d 1302, 1310 (Pa. Super. 2022) (citations omitted and formatting altered)).

Here, we discern nothing grossly disparate or patently unreasonable about the aggregate sentence imposed by the trial court. The court fully considered all pertinent factors and weighed those factors reasonably. Appellant's suggestion that the court only gave lip service to certain factors and did not adequately weigh them in calculating her sentence is speculative and unsupported by the record. To the contrary, the court repeatedly stated the mitigating factors that it took into account, but it found that a longer aggregate sentence was warranted considering the gravity of Appellant's conduct, the lasting impact on the victims, and the need to protect the public. We discern no abuse of discretion in the court's decision.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/11/2025